Good morning, Your Honor. Petitioner filed this review petition to review the decision of BIA and immigration judge. Judge denied petitioner's application for asylum for credibility and that applicant petitioner did not meet the burden of proof. The reason for the denial was first reason for the denial was credibility that respondent in the immigration court proceedings did not know the circumstances under which circumstances the brother came to America. Counsel, can I just stop you for one moment? Can you hear me? Yes. Okay. I want to just direct your attention because you have limited time to a question that is of some importance to me, which is if this court were to find that some of the bases that the immigration judge and then the BIA relied on for purposes of the adverse credibility determination are not in fact supported by the record, what is your best authority and argument for why this court should not simply deny relief because the other bases are sufficient to support the adverse credibility finding versus sending it back to determine whether the remaining bases are enough? Do you understand my question? Yes, Your Honor, because the threshold matter is credibility. If the credibility determination was done in error, then every other determination or every other analysis after the credibility was also done in error. But the ultimate question is whether or not adverse credibility is supported. It's a totality of the circumstances, correct? So how do we parse through of the five bases if, say, two or three are, you know, maybe one or two are not supported? One is sort of on the line. The other two we think are supported by the record. How do we disentangle that ball of bases for purposes of determining whether or not to remand or to deny relief? That's the question, Your Honor, because the totality of the case or totality of the circumstances must be looked into when judge determines whether the respondent is credible or not. Well, counsel, I think you're right. That is the question. That's the question to you. So the question is, what's the authority to say that, you know, perhaps even if one of the bases may not be supported by the record, what authority do you have to say that we would have to send that back if the others are perhaps sufficient? The others are not sufficient, Your Honor, because in all the questions that the judge asked the respondent for the credibility, the respondent was plausible. And when judge found on two or three different areas where the judge said that you are not credible because of these, and none of those are supported by the record. So I understand that your argument is that the finding with respect to all five bases was erroneous. My question really is different, which is if we disagree with you about that and the premises that but not all of them were not supported, then what? And, you know, I've asked this question three times now because I'm interested to know what you think is your best argument or the authority to support a remand. Or if there isn't a citation or legal authority you can provide, although that would be helpful, if you can tell me whether any of the nature of the adverse credibility findings, for example, the determination on the unconsciousness or on his role, on your client's role in particular in the Mann Party, those findings, whether they go to the core of his claim, if that makes a difference in the totality of circumstances analysis? Yes, Your Honor. Even if a court to find that some of the bases were consistent or some of the bases were supported by the record, still all of the reasoning that the judge gave for adverse credibility must be met with the totality of the circumstances. If two or three of them are meeting the requirement, but not three, still there is enough reason to send the case back for the judge to determine whether the credibility findings were enough or not. Like, Judge, on the first incident when the judge asked the respondent about his brother's physical presence in the U.S., the respondent testified consistently and plausibly that I'm not 100 percent sure about why he came to America, which is a plausible explanation. So can I ask you about that? Because that's the one that bothers me the most. If he's living with his brother who came to the U.S. and applied for asylum, and now your client who came to the U.S. and is applying for asylum is living with that brother, how is it plausible that he does not know why the brother came to the U.S. or why he's applying for asylum? Well, Judge, he testified that, you know, brother came to asylum and he applied for asylum, but he was not aware about the details of his brother's statement, that what were his problems in India, how many times he was bombed in India, who harmed in India. I don't even think it was details. He said he didn't know anything, right? He did say that, Judge, you know, I'm not sure about why my brother filed asylum and what was the reason for filing asylum, but Judge wanted to know the details of the asylum application and why and how many times he had problems in India. Respondent testified clearly and consistently that I'm not sure about the details of his statement that why he applied for asylum, and that's a plausible explanation, Your Honor. I mean, it seems like that is, um, okay, why do you think that's plausible? Because, Judge, you know, even if you're living with your family member, you are not supposed to know everything about their cases or about their life. Sometimes, you know, even, you know, siblings, when they live together, they don't discuss with each other about their personal lives. So, very clearly here, they both live together, but they did not discuss about their, you know, claims or personal lives with each other. They were just living together, sharing the expenses. So, even if it were true that his response did not seem plausible, because to Judge Friedland's point, it may appear to a judge unreasonable to believe that somebody has no knowledge about their brother's similar claim for asylum when they're living with them. So, but even if it were true that he seemed uncredible on that point, does the weight of that specific basis somehow, should it be less or the same as the other basis? Because it doesn't go to Mr. Singh's claim for asylum. It's sort of a, you know, I'm trying to understand, like, even within the totality of circumstances, do the various bases carry more weight than others because they either directly go to Mr. Singh's claim or not? That is correct, Your Honor. Some of the inconsistencies or omissions does not carry the same weight as other inconsistencies or omissions, because if the inconsistency or omission is not directly related to the case, then they are just, you know, trivial inconsistencies which should not be considered. Well, they can be considered. I mean, I think that they can be considered because overall, the IJ is trying to determine the credibility of the Petitioner. But perhaps I think what you're saying is that may not be given the same weight for credibility purposes as, say, for example, details relating to persecution. Yes, Your Honor. So can you give authority for what your answer was to Judge Desai just now? Because the real idea got rid of the idea that inconsistencies had to go to the heart of a claim. It eliminated that part of our doctrine that had existed before. So what is the authority for this idea that it matters more whether it goes to his own claim or something else about his credibility? I don't have the authority, Judge, on top of my head at this time. I can get back to you on that one. I think maybe you should reserve the rest of your time for rebuttal, and we should hear from the government. Yes, Your Honor. I'll reserve the rest of my time for rebuttal. Good morning, Your Honors, and may it please the Court. I'm Lauren Tacklett, representing Merrick Garland, United States Attorney General. I'd like to first just provide the — some citations to Judge Desai's question, specifically Lyallon v. Garland. There, the adverse credibility determination that this Court upheld was based on only three implausibility findings. Similarly, in Rodriguez-Ramirez, which is 11-F4-1091, this Court upheld an adverse credibility determination based exclusively on an inconsistency in date of threat that was a difference of a month, and then the added presence of a weapon and a demeanor finding. So three kind of bases for an adverse credibility finding. Were there other ones in those cases that were not valid? Because that's really what Judge Desai is asking about. Not that there are three, but that some of the ones that were relied on are not good. And therefore, a basis to send it back to analyze whether or not that would be sufficient. No, all three of those were upholding the bases that the Board relied on. I believe in Lyallon, the Board hadn't affirmed all aspects of the IJ's finding, but to your point, no, that there was not this kind of picking and choosing at this Court's level. So I don't think that really is responsive to the question, then. So the question was, if there are five bases the agency has relied on, and we think, say, only three of them are valid and two were erroneous, what do we do? Here, I would say that you are still able to conclude that the totality of the circumstances does support the adverse credibility findings, specifically thinking about the deference to the agency. It seems implausible and like putting some amount of form over substance to remand to the agency to reconsider and have them come to the same conclusion and bring this case back to you again, just with the two implausibilities that you found unsupported. I don't disagree with you that this may end up being a nothing that there's an adverse credibility finding that's supported by two or three of the bases as opposed to all five. But I understand your response to mean that we may do what you're asking us to do, but we also can remand and go through the process of having the IJ do that. And I want to ask this question, if your view of this changes based on specific language in the IJ's decision, it's at AR-74, where the IJ says, quote, the court recognizes that the considerations described above do not conclusively demonstrate the Respondent's lack of truthfulness. It is unlikely that any of these factors, when considered in isolation, could suffice to support an adverse credibility finding. Does that change your view in this case as to whether or not the IJ should be given an opportunity or the BIA should be given an opportunity to decide whether the remaining bases support an adverse credibility finding? No, Your Honor. I believe there the judge was more deferring to the fact that or recognizing the fact that some of these are not central to the claim. Some of these are perhaps less important implausibilities, but recognizing that, in general, petitioners' inability to tell a consistent, plausible story undermine the entire story itself. And what are the specific bases for the IJ finding that he wasn't high enough in the political party? Can you point me to the evidence that the IJ cites to support that finding? Yes. At AR-130 and AR-160, there is discussion of the petitioner's activity with the man party. But even if he had that activity, what is the basis for the idea that that wouldn't put him at risk in India? I believe there is country conditions evidence that would support the conclusion that high-level man party members are subject to ongoing persecution. However, here, there was not country conditions evidence to support every member of the BJP party as after every man party member. And also, specifically, when you look at the most recent alleged action, which was the confrontation with the father, there's the plausible alternative rationale, which is that the father was participating in protests against the government at that time. And so there is a reasonable basis for the immigration judge to conclude that the BJP party was after the father for that reason, not for the son's activities three years after he left the country. I will just add a couple points here, which are that the burden is on petitioner here to show that he is credible, that no reasonable fact finder could have found the way that the IJ did here. And that aspect of this court's standard of review highly supports denying the petition here, that the inconsistencies and implausibilities in petitioner's testimony undermined the narrative as a whole. And the immigration judge followed this court's procedures outlined in Leigh Allen of identifying specific and cogent reasons for each finding. And if the court has no further questions, the government will respectfully request that the court denies the petition in full. Thank you. Thank you, counsel. We have some time for rebuttal. Thank you, Your Honor. Your Honor, the counsel just mentioned that there is, in the country conditions, it's there that only the high-ranking officials are at danger. But I don't believe that there is anything in the record which suggests that only the high-ranking officials are harmed or targeted in India. Even the lower level workers or the members of the party were harmed and targeted in India. And that's in the record? Yes, I believe, Judge. Where? The second thing, counsel. Counsel, where? That's in the country conditions, Your Honor, where DHS submitted the documents pertaining to the relocation. Got it. And the second thing which counsel just raised, that father was targeted only because he was participating in the protest against the government. The whole case is on the same issue, that the man party, which supports a separate nation, which supports the idea of a Khalistan, a separate nation for sakes, he was also in the same shoes a couple of years ago when he was targeted. Later on, his father was targeted for the same reason, who was protesting against the government. If this man goes back to India, he's going to continue his party activities, currently doing in the U.S. as well. It is very much likely that he will be targeted based on his political opinion as well. I don't think we have any other questions, so thank you, counsel. This case is submitted. Our next case
judges: FRIEDLAND, MENDOZA, DESAI